IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PAULETTE B. DIDIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:16cv332-SRW |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**[2]

Plaintiff Paulette B. Didier commenced this action on May 10, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her application for a period of disability and disability insurance benefits. *See* Doc. 1; R. 33. Plaintiff alleged disability as of June 28, 2012. *See* R. 33, Exhibit 1D. On September 25, 2014, Administrative Law Judge Walter V. Lassiter, Jr. ("the ALJ") issued an adverse decision after holding a hearing on the plaintiff's application.[3] *See* R. 33-43. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 1-7.

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is **DIRECTED** to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* R. 33.

1

In the instant appeal, the plaintiff asks that the court reverse the Commissioner's adverse decision and award benefits or, in the alternative, remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 13 at 15. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 7; Doc. 8. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded for additional proceedings.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

The ALJ found that the plaintiff suffers from the severe impairments of scoliosis of the lumbar spine; degenerative facet changes in the lumbar spine; disc bulge in the lumbar spine; disc protrusion in the lumbar spine; right lateral recess and right neural foraminal narrowing of the lumbar spine; slight reversal of the lordosis and straightening of the cervical spine; significant scoliosis of the thoracic spine; mild multilevel disc desiccation of the thoracic spine; and chronic pain syndrome. *See* R. 35. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meet or

medically equal a listed impairment. *See* R. at 37. As he must, the ALJ stated that he considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *See id*.

The ALJ made the following RFC determination:

[T]he Claimant has the [RFC] to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b). The Claimant can sit for at least 1 hour at a time without interruption and for a total of at least 6 hours over the course of an 8-hour workday. She can stand and/or walk for at least 1 hour at a time without interruption and for a total of at least 6 hours over the course of an 8-hour workday. She can frequently use her upper extremities for reaching overhead, pushing, and pulling. She can frequently use her lower extremities for pushing, pulling, and the operation of foot controls. She cannot climb ladders, ropes, poles, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, and crouch. She cannot crawl. She can occasionally work in wetness. She can rarely (up to 1 hour total over the course of an 8-hour workday) work in humidity or extreme temperatures. She can occasionally work in dusts, gases, odors, and fumes. She cannot work in poorly ventilated areas. She cannot work at unprotected heights. She cannot work with operating hazardous machinery. She can occasionally work while exposed to vibration. She cannot operate motorized vehicles. She cannot perform work activity that requires her to response (sic) to rapid and / or frequent multiple demands.

R. at 37. At step four, the ALJ found that the plaintiff can perform her past relevant work as a research director and a web master. *See* R. at 41. Alternatively, at step five, the ALJ determined that the plaintiff had the ability to perform a significant number of jobs available in the national economy. *See* Tr. at 41-42. The ALJ's findings resulted in a determination that the plaintiff "has not been under a disability … from June 28, 2012, through [September 25, 2014.]" R. at 43.

The plaintiff raises four arguments in support of this appeal: (1) the ALJ erred when he rejected a treating pain specialist's opinion; (2) the ALJ erred because his Residual

5

Functional Capacity finding is not based on the evidence; (3) the ALJ failed to develop the record fully and fairly; and (4) the ALJ erred in reaching his credibility determination. Doc. 13 at 1. Because the plaintiff's first argument warrants remand to the Commissioner for additional proceedings, the court does not reach the plaintiff's remaining arguments.

I.  **Treating Physician Evidence**

Generally,

> [w]eighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a) (2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of a treating physician constitutes reversible error).

*Rudolph v. Berryhill*, 2018 WL 1527827, at *5 (M.D. Ala. 2018) (quoting *Albery v. Comm'r of Soc. Sec.*, 2012 WL 2589297, at *7 (M.D. Fla. June 7, 2012), *report and*

*recommendation adopted*, 2012 WL 2589267 (M.D. Fla. 2012), and citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)).[4]

The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985), and *Wiggins v. Schweiker*, 679 F.2d 1387, 1389-90 (11th Cir. 1982)). Failure to do so is reversible error. *Id.* (citations omitted). The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." *Phillips v. Barnhard*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted). "Good cause" exists when:

- the treating physician's opinion was not bolstered by the evidence,

---

[4] The Eleventh Circuit explained that:

> [T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (*per curiam*). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel*, 631 F.3d at 1179. Thus, the Commissioner's *post hoc* explanations in her brief in opposition to the plaintiff's appeal cannot serve as a basis for the court to assume that the ALJ applied correct legal standards. *See* Doc. 14 at 7-8. The ALJ's written decision must demonstrate that he acted in accordance with the law.

- the evidence supported a contrary finding; or

- the treating physician's opinion was conclusory or inconsistent with his or her own medical records.

*Id.* at 1241 (citation omitted).

The ALJ must clearly articulate his reasons for disregarding a treating physician's opinion, and failure to do so is reversible error. *Lewis*, 125 F.3d at 1440 (citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). However, when the ALJ adequately states specific reasons for disregarding a treating physician's opinion, and those reasons are supported by substantial evidence, there is no error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*).

It is undisputed that Dr. Bradley Katz, M.D., is the plaintiff's treating pain specialist. *C.f.* Doc. 13; Doc. 14. The ALJ states the following regarding Dr. Katz's treating medical source assessment:

> The assessment of the Claimant's treating physician … is given partial weight because it is only partially consistent with the overall objective evidence. For example, Dr. Katz opined that the Claimant can perform less than the full range of sedentary work activity. (Ex. 5F.) However, the overall objective evidence does not suggest the Claimant is so functionally limited. Dr. Katz also opined that the Claimant's ability to perform her duties would be limited by her pain. However, this is inconsistent with his evaluations, which suggest her pain is well controlled. Additionally, he suggests her medication side effects would limit her functional capabilities, but this is also inconsistent with his evaluations.

R. 41. Prior to reaching this determination, the ALJ discusses the plaintiff's treatment history with "her physician" in an abridged narrative form. R. 39-41. The administrative

record shows that the ALJ is referring to Dr. Katz here, although the ALJ does not mention Dr. Katz by name or note his area of specialization. *See* Exhibits 4F, 5F, 7F, 9F.

As an initial matter, it is not evident from the ALJ's written decision that the ALJ considered Dr. Katz's complete history of treating the plaintiff for her severe impairments, Dr. Katz's area of specialization as a pain specialist, or his status as the plaintiff's treating physician. *See Wilcox v. Comm'r, Soc. Sec. Admin.*, 442 F. App'x 438, 440 (11th Cir. 2011) (a treating physician's opinion testimony is entitled to substantial weight unless the ALJ articulates good cause for assigning lesser weight and "the opinions of specialists regarding medical issues related to his area of specialty generally are given more weight than the opinions of non-specialists"); *Lewis, supra* (the ALJ must articulate adequate reasons for failure to give a treating physician's opinion substantial weight). This is error.

As to Dr. Katz's treating medical source assessment of the plaintiff (Exhibit 5F), "partial weight"[5] is not the required "substantial weight." It is possible that the ALJ considered portions of Dr. Katz's evidence under the "substantial weight" standard, but that is not reflected in the written decision; the court is left to guess at which of Dr. Katz's opinions were considered, and what is and is not included in the "partial" weight assigned to this specialist's treating medical source's opinion evidence. At most, the ALJ provides three examples of Dr. Katz's opinion evidence that he rejects, each of which is followed

---

[5] The ALJ does not explain what is meant by "partial weight" or how that assignment differs from "substantial weight." Also, the scope or definition of the term is not self-evident from the context of the ALJ's written decision, except that the ALJ appears to have rejected at least three of Dr. Katz's opinions, as discussed *infra*.

immediately by a conclusory explanation.[6] However, Dr. Katz's assessment (Exhibit 5F), and the supporting medical records associated with his treatment of the plaintiff from April 2013 (Exhibits 4F, 6F, 7F, 9F), reveal additional facts and opinions, and the ALJ did not explain what weight he assigned to the entirety of Dr. Katz's opinion evidence, his reasons for doing so, and whether he considered the medical records in their entirety. Indeed, the ALJ appears to have written about only the parts of Dr. Katz's assessment that he rejected; nothing is said about what parts of the assessment were accepted, if any. The ALJ's cursory treatment of this evidence leaves the court with insufficient explanation and evidence to support a finding of good cause for the assignment of less than substantial weight.

"The Commissioner must clearly articulate her reasons for disregarding a treating physician's opinion, and the failure to do so is reversible error." *Garcia v. Berryhill*, 2017 WL 1227936, at *3 (M.D. Ala. Mar. 31, 2017) (citing *Lewis*, 125 F.3d at 1440 (citation omitted); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.")). The ALJ's written decision does not satisfy this legal standard. It has left the court in the dark as to whether the decision is in accordance with proper legal principles and based on substantial evidence. *See Coker v. Colvin*, 2016 WL 7159498, at *8 (M.D. Ala. Dec. 7, 2016) (remanding to the Commissioner because of the ALJ's lack of specificity when rejecting a treating physician's opinion evidence). A court cannot simply infer that proper legal standards were applied. *See Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253,

---

[6] It is unnecessary for the court to determine whether the ALJ's rejections of Dr. Katz's opinions are supported by substantial evidence and satisfy proper legal standards. The court does not reach this issue.

1260 (11th Cir. 2007) ("The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.") (bracketed text in original); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991) (the ALJ errs as a matter of law if the written decision lacks enough information for the court to review the ALJ's findings to ensure that proper legal standards were employed and that the factual findings are based on substantial evidence). The court must conclude here that the ALJ's decision is not based on substantial evidence because there is insufficient information for the court to determine that the ALJ considered Dr. Katz' specialist, treating medical source opinion under the proper legal standards. Under the circumstances, the court must remand this matter for additional proceedings.

## CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. The court does not reach plaintiff's arguments that are not expressly discussed herein. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand as well, and will develop the record as is necessary in areas not expressly considered in this opinion.

Done, on this the 30th day of March, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge